[No. B224633. Second Dist., Div. One. July 21, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
MARLON ROLDAN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts 1., 3. and 4. of the Discussion.

COUNSEL

Brett Harding Duxbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Linda C. Johnson and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MALLANO, P. J.—Defendant Marlon Roldan appeals from the judgment entered following a jury trial in which he was convicted of second degree

murder, gross vehicular manslaughter while intoxicated, causing injury while driving under the influence of alcohol (DUI), causing injury while driving with a 0.08 percent blood-alcohol concentration, driving with a suspended license, and failing to provide evidence of financial responsibility, with findings he inflicted great bodily injury on the surviving victim. Defendant contends the prosecutor committed misconduct in argument, the trial court improperly denied his motion for judgment of acquittal of the charge of failing to provide evidence of financial responsibility, the trial court improperly imposed five-year great bodily injury enhancements and a $1,000 fine for failing to provide evidence of financial responsibility, and the abstract of judgment requires correction. The Attorney General concedes the final three contentions. We modify the judgment by reducing the great bodily injury enhancements to three years, reverse the conviction for failing to provide evidence of financial responsibility, and direct amendment of the abstract of judgment, but otherwise affirm.

## BACKGROUND

On the night of December 15, 2008, defendant consumed alcoholic beverages at a party, then drove his van through Long Beach toward his home in Wilmington. He fell asleep or blacked out, drove his van into opposing traffic, narrowly missed colliding with a fuel tanker and another vehicle, then collided with an SUV driven by Miguel Melena. Melena's SUV flipped and landed upside down. Melena suffered numerous serious injuries that still plagued him when he testified in March 2010; his passenger, his 17-year-old brother Lionel, was killed. More than three hours after the collision, defendant's blood-alcohol concentration was 0.17 percent.

Los Angeles Police Department Officer Anthony Trovato visited defendant at the hospital about three hours after the collision, but could not awaken defendant. Trovato looked through defendant's belongings, but could not find proof of insurance. Trovato went to the scene of the collision and searched defendant's van, but did not find proof of insurance.

Defendant had been convicted in January of 2003 of DUI and failing to provide proof of financial responsibility, though he denied remembering the latter conviction. He completed a court-ordered alcohol education program that included classes, group sessions, and Alcoholics Anonymous meetings. Classes were offered in English and Spanish. Topics addressed in the course included how alcohol impairs judgment and the ability to drive, and that driving under the influence of alcohol creates a risk that someone will be killed.

Defendant's driver's license had been suspended in June of 2006 for failure to pay child support and remained suspended at the time of the collision.

Notices of suspension had been mailed to defendant's address in Wilmington. Defendant testified that he was unaware that his license had been suspended, did not recall receiving any notices from the Department of Motor Vehicles or the Office of the District Attorney, but explained that he threw away all English-language mail he received, no matter who sent it.

Defendant testified that the van was in his mother's name, and he gave her money to make the payments and to pay for insurance. He did not know whether the van was insured, but he knew he did not carry proof of insurance inside the van.

Defendant testified he had a sixth-grade education and did not understand English. He could not recall whether the alcohol education classes he took were given in English or Spanish, but he was unable to understand everything in the classes. The only thing he remembered from the classes was that upon a second DUI conviction, all of the penalties would be doubled. But defendant admitted that he knew he was unable to drive properly while drunk and that he might kill someone. He was more intoxicated on the night of December 15, 2008, than he had been when he was arrested for DUI in 2003, and he knew he was too drunk to drive. He would not drive his children if he were as drunk as he was on the night of December 15, 2008. He explained that he did not intend to drink alcohol that night, but was goaded into doing so by the party host. Defendant intended to sleep at the house where he was drinking, but his cousin insisted that defendant drive him home, a distance of five or six blocks. Instead of returning to the party house after dropping off his cousin, defendant attempted to drive home.

The jury convicted defendant of second degree murder, gross vehicular manslaughter while intoxicated, DUI causing injury, causing injury while driving with a 0.08 percent blood-alcohol concentration, driving with a suspended license, and failing to provide evidence of financial responsibility, with findings he inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a); undesignated statutory references are to the Penal Code) upon Miguel Melena. The court sentenced defendant to prison for 22 years six months to life and imposed a $1,000 fine for failing to provide evidence of financial responsibility.

## DISCUSSION

1. *Prosecutorial misconduct*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[*]See footnote, *ante*, page 920.

## 2. *Denial of section 1118.1 motion*

At the conclusion of the prosecutor's case-in-chief, defendant moved for acquittal pursuant to section 1118.1. The trial court denied the motion with respect to all charges. Defendant contends that with respect to count 6, failure to provide evidence of financial responsibility, the trial court erred.

When reviewing a claim the trial court erred by denying a motion for acquittal under section 1118.1, we apply the same standard as when evaluating the sufficiency of evidence to support a conviction, except that we consider only the evidence in the record at the time the motion was made. (*People v. Augborne* (2002) 104 Cal.App.4th 362, 371 [128 Cal.Rptr.2d 258]; *People v. Smith* (1998) 64 Cal.App.4th 1458, 1464 [76 Cal.Rptr.2d 75].) We review that evidence in the light most favorable to the judgment to decide whether substantial evidence supports the conviction, so that a reasonable jury could find guilt beyond a reasonable doubt. (*People v. Ceja* (1993) 4 Cal.4th 1134, 1138 [17 Cal.Rptr.2d 375, 847 P.2d 55].)

The amended information charged defendant with violating Vehicle Code section 16028, subdivision (a), which provides, in pertinent part, "Upon the demand of a peace officer pursuant to subdivision (b) or upon the demand of a peace officer or traffic collision investigator pursuant to subdivision (c), every person who drives a motor vehicle upon a highway shall provide evidence of financial responsibility for the vehicle that is in effect at the time the demand is made."

Vehicle Code section 16028, subdivision (b) provides, in pertinent part, "Whenever a notice to appear is issued for any alleged violation of this code, . . . the cited driver shall furnish written evidence of financial responsibility upon request of the peace officer issuing the citation. The peace officer shall request and write the driver's evidence of financial responsibility on the notice to appear, except when the peace officer is unable to write the driver's evidence of financial responsibility on the notice to appear due to an emergency that requires his or her presence elsewhere. If the cited driver fails to provide evidence of financial responsibility at the time the notice to appear is issued, the peace officer may issue the driver a notice to appear for violation of subdivision (a)."

Vehicle Code section 16028, subdivision (c) provides, in pertinent part, "Whenever a peace officer, or a regularly employed and salaried employee of a city or county who has been trained as a traffic collision investigator, is summoned to the scene of an accident described in Section 16000, the driver of any motor vehicle that is in any manner involved in the accident shall furnish written evidence of financial responsibility upon the request of the

peace officer or traffic collision investigator. If the driver fails to provide evidence of financial responsibility when requested, the peace officer may issue the driver a notice to appear for violation of this subdivision."

■ At the close of the prosecutor's case-in-chief, the sum total of evidence regarding defendant's purported failure to provide evidence of financial responsibility was Trovato's testimony that he looked through defendant's possessions at the hospital and searched defendant's van, but did not find proof of insurance. Defendant argues there was no evidence at that time that any law enforcement officer ever demanded or requested of him proof of insurance, thus he did not violate the statute, which requires a failure to provide proof of insurance upon lawful demand of such proof. ■ We agree because subdivisions (a), (b) and (c) of Vehicle Code section 16028 expressly and repeatedly require a "demand" or "request" by a peace officer or traffic collision investigator. There was no evidence that Trovato or anyone else made such a demand or request to defendant. Thus, the evidence was insufficient to demonstrate a violation of the statute, and the trial court should have granted defendant's section 1118.1 motion with respect to count 6.

■ The Attorney General argues that Trovato's unsuccessful searches for proof of insurance provided substantial evidence to support the conviction, in that they were the functional equivalent of a request or a demand. We disagree. The plain language of the statute requires a request or demand. Had the Legislature intended to permit functional equivalents, it presumably would have said so. And had the Legislature wished to criminalize driving without financial responsibility, so that the violation could be shown without a request or demand of the driver, it would have done so. In fact, it has done so in the past. (Veh. Code, former § 16023, added by Stats. 1974, ch. 1409, § 8, pp. 3095, 3098 & repealed by Stats. 1984, ch. 1324, § 5, p. 4556.) In addition, a driver presumably knows where he or she keeps evidence of financial responsibility and a failure to produce such evidence upon a proper request or demand creates a strong inference that he or she is not in possession of evidence of financial responsibility. In contrast, an officer searching for evidence of financial responsibility does not know where a driver or vehicle owner keeps such paperwork and the officer's failure to locate it creates, at best, a much weaker inference that the driver or owner does not possess evidence of financial responsibility.

The Attorney General further argues that the purpose of Vehicle Code section 16028 ("to detect financially irresponsible drivers and either compel them to obtain insurance or remove them from the road") "would be thwarted if a driver who is too intoxicated to even comprehend a demand or request for proof of insurance is immune from prosecution." That might well be true, but the prosecutor did not establish that defendant failed to comprehend a

demand or request by a peace officer or traffic collision investigator. As far as the record reveals, neither Trovato nor any other officer who dealt with defendant demanded or requested evidence of financial responsibility from him. Accordingly, we reverse count 6.

3., 4.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

Count 6 (failure to provide evidence of financial responsibility) is reversed for insufficiency of evidence. The Penal Code section 12022.7, subdivision (a) enhancements for counts 3 and 4 are reduced from five years to three years. The judgment is otherwise affirmed as modified. The trial court is directed to issue an amended abstract of judgment omitting count 6, reflecting three-year terms for the Penal Code section 12022.7, subdivision (a) enhancements for counts 3 and 4, and reflecting 500 days of actual presentence custody credit and zero days of local conduct credit.

Chaney, J., and Johnson, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 12, 2011, S195980.

---

*See footnote, *ante*, page 920.