Filed 10/30/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

THE PEOPLE,

    Plaintiff and Respondent,

    v.

MARLON MAFREND ROLDAN,

    Defendant and Appellant.

B298570

(Los Angeles County
Super. Ct. No. NA080558)

    APPEAL from an order of the Superior Court of Los Angeles County, Judith Meyer, Judge. Affirmed.

    Mary Jo Strnad, under appointment by the Court of Appeal, for Defendant and Appellant.

    Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

Marlon Roldan was convicted of second degree murder under an implied malice theory for killing a person while driving under the influence of alcohol (DUI). He filed a petition in the superior court for resentencing under Penal Code section 1170.95 and requested the appointment of counsel. The court found he was ineligible for relief as a matter of law because he was convicted under a theory of direct rather than vicarious liability. The court therefore denied the petition without appointing counsel or holding an evidentiary hearing.

Roldan contends that Penal Code section 1170.95 should apply to his conviction for DUI murder, and he should have been appointed counsel to assist with his petition. We disagree with both contentions, and thus affirm.

**BACKGROUND**

On the evening of December 15, 2008, Roldan consumed several alcoholic drinks at a party, then drove his van toward his home but fell asleep at the wheel, crossed a center line, and collided with an SUV traveling in the opposite direction, killing a passenger in the SUV and injuring the driver. He was convicted of second degree murder, gross vehicular manslaughter while intoxicated, DUI causing injury, causing injury while driving with a 0.08 percent blood-alcohol concentration, driving with a suspended license, and failing to provide evidence of financial responsibility, with a finding that he inflicted great bodily injury on the SUV's driver. The court sentenced him to 22 years to life plus six months in prison. We affirmed the conviction on appeal but reduced the sentence to 19 years to life plus six months. (*People v. Roldan* (2011) 197 Cal.App.4th 920, 922.)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), which "amend[ed] . . . the

2

natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)

SB 1437 added Penal Code section 1170.95,[1] which establishes a procedure by which an individual convicted of murder under the natural and probable consequences doctrine can seek vacation of that conviction and resentencing. (Stats. 2018, ch. 1015, § 4, pp. 6675-6677; see also *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1134, review granted Mar. 18, 2020, S260598.) The provisions of SB 1437 became effective on January 1, 2019.

On March 22, 2019, Roldan filed a form petition under section 1170.95, checking boxes on the form indicating that his murder conviction was based on the natural and probable consequences doctrine, he could not now be convicted of murder due to changes made to section 188, and he sought appointment of counsel to assist in the resentencing process.

The resentencing court summarily denied Roldan's petition without appointing counsel, finding he was ineligible for relief because he had not been prosecuted under any theory covered under section 1170.95.

## DISCUSSION

Roldan contends he made a prima facie showing of entitlement to relief under section 1170.95, and the court erred

---

[1] Undesignated statutory references will be to the Penal Code.

by denying him appointed counsel to support his showing. We disagree with both contentions.

## I.     Legal Principles

"A conviction for murder requires the commission of an act that causes death, done with the mental state of malice aforethought (malice)." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 653.)

Before SB 1437, malice could be imputed to an aider and abettor under the natural and probable consequences doctrine. " ' "A person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime." ' [Citations.] 'Thus, for example, if a person aids and abets only an intended assault, but a murder results, that person may be guilty of that murder, even if unintended, if it is a natural and probable consequence of the intended assault.' [Citation.] [¶] A nontarget offense is a 'natural and probable consequence' of the target offense if, judged objectively, the additional offense was reasonably foreseeable. [Citation.] The inquiry does not depend on whether the aider and abettor actually foresaw the nontarget offense. [Citation.] Rather, liability ' "is measured by whether a reasonable person in the defendant's position would have or should have known that the charged offense was a reasonably foreseeable consequence of the act aided and abetted." ' " (*People v. Chiu* (2014) 59 Cal.4th 155, 161-162.)

Thus, before SB 1437, an aider and abettor who lacked express malice but merely engaged in activity of which murder was a natural and probable consequence could have implied

4

malice imputed to him or her, and could therefore be convicted of second degree murder. (*People v. Chiu, supra,* 59 Cal.4th at p. 164.)

On September 11, 2018, Governor Brown signed SB 1437 into law, which eliminated the natural and probable consequences doctrine for murder entirely.

A primary purpose of SB 1437 was to align a person's culpability for murder with his or her mens rea. (See Stats. 2018, ch. 1015, § 1, subd. (g).) To effectuate that purpose, SB 1437 amended section 188 to state that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

SB 1437 also added section 1170.95, which permits "[a] person convicted of . . . murder under a natural and probable consequences theory" to petition the sentencing court to vacate the conviction and resentence on any remaining counts if the person could not be convicted of murder under the new section 188. (§ 1170.95, subd. (a).) A petition for relief under section 1170.95 must include: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).) If any of this information is missing "and cannot be readily ascertained by the court," the court may deny the petition without prejudice. (§ 1170.95, subd. (b)(2).)

If the petition contains the required information, the court must "review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of [section 1170.95]." (§ 1170.95, subd. (c).) If the

petitioner has made this initial prima facie showing, he or she is entitled to appointed counsel, if requested, and the prosecutor must file a response, and the petitioner may file a reply. (§ 1170.95, subd. (c).)  The court then reviews the petition a second time.  If it concludes in light of this briefing that the petitioner has made a prima facie showing of entitlement to relief, it must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and recall the sentence and resentence the petitioner on any remaining counts.  (*Id*. at subds. (c) & (d)(1).)

We review de novo whether the trial court properly interpreted and fulfilled its duty under the statute.  (See *Greene v. Marin County Flood Control & Water Conservation Dist*. (2010) 49 Cal.4th 277, 287.)

## II.    Analysis

Roldan contends summary denial of his petition was made prematurely and without first providing him a fair opportunity to respond to the trial court's erroneous conclusion that he was not convicted under a natural and probable consequences theory.

To determine whether a petitioner has made a prima facie case for relief under section 1170.95, a trial court may look to the record of conviction and the court file.  The contents of the record of conviction defeat a prima facie showing when the record shows as a matter of law that the petitioner is not eligible for relief.

The record of conviction in this case demonstrates that Roldan was found guilty of second degree DUI murder, called *Watson* murder, after *People v. Watson* (1981) 30 Cal.3d 290 (*Watson*), which held that an intoxicated driver who causes death may be charged with second degree murder.

6

As stated above, a conviction for murder requires the commission of an act "done with the mental state of malice aforethought (malice)." (*People v. Gonzalez*, *supra*, 54 Cal.4th at p. 653.) "Malice may be either express or implied. [Citation.] . . . Malice is implied when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses. . . . [¶] The law recognizes two degrees of murder. . . . A person who kills unlawfully with implied malice is guilty of second degree murder." (*Ibid.*)

Malice may be implied when a person willfully drives under the influence of alcohol. (*Watson*, *supra*, 30 Cal.3d at p. 294.)

Roldan was therefore convicted under a theory of actual implied malice, not malice imputed under the natural and probable consequences doctrine, and thus failed to meet the threshold requirement of showing he was convicted under a natural and probable consequences theory.[2]

Roldan argues he was, in fact, convicted under "a natural and probable consequences theory," because *Watson* murder itself is a natural and probable consequences theory. We disagree.

It is true that the doctrine of implied malice has a "natural and probable consequences" element. As stated by our Supreme Court, "[m]alice is implied when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, *and the person knowingly acts with conscious*

---

[2] Nothing in the record suggests, and Roldan does not claim, that jury instructions or closing argument on the non-murder charges either pertained to the natural and probable consequences doctrine or confused the jury as to the requirements for a finding of implied malice.

7

*disregard for the danger to life that the act poses.*" (*People v. Gonzalez, supra*, 54 Cal.4th at p. 653, italics added.)

But SB 1437 removed the natural and probable consequences doctrine as a basis for a murder conviction only insofar as it applied to aider and abettor liability. As discussed above, that liability arose when "a reasonable person in the defendant's position would have or should have known that the charged offense was a *reasonably foreseeable* consequence of the act aided and abetted." (*People v. Chiu, supra*, 59 Cal.4th at p. 162, italics added.) In contrast to this vicarious liability, under which the mens rea of an aider and abettor towards the killing is irrelevant, the doctrine of implied malice requires that the perpetrator actually appreciate that death is the natural and probable consequence of his or her actions, and further requires that the perpetrator consciously disregard that danger. (See *People v. Smith* (2018) 4 Cal.5th 1134, 1165 [knowledge of danger and conscious disregard for human life is essential to a finding of implied malice]; *People v. Lee* (2020) 49 Cal.5th 254, 261 [the natural and probable consequences doctrine is not an implied malice theory].) SB 1437 did nothing to remove implied malice as a basis for a second degree murder conviction.

Roldan argues remand is necessary because the trial court could not determine whether or not he was entitled to relief without permitting the statutory process to take place, and he was denied an opportunity to counter the court's misconceptions and establish an appellate record. We disagree.

The right to counsel under section 1170.95 does not attach until the petitioner makes a prima facie showing of eligibility under the statute (*People v. Lewis, supra*, 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598; cf. *People v.*

*Verdugo* (2020) 44 Cal.App.5th 320, 328, review granted Mar. 18, 2020, S260493). Roldan failed to demonstrate eligibility under the statute. His arguments contesting that failure have all been fairly presented by his appellate counsel, and an appellate record preserved.

**DISPOSITION**

The order is affirmed.

CERTIFIED FOR PUBLICATION

CHANEY, J.

We concur:

BENDIX, Acting P. J.

SINANIAN, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.